1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

                v.

ALEXIS BUSTOS,

                DEFENDANT

Case No.: 1:22:cr-00016-002 CJN

**MEMORANDUM IN AID OF
SENTENCING**

       COMES NOW, Alexis Bustos,  through counsel, Joseph Conte, pursuant to Federal Rule of Criminal Procedure 32 to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court impose a sentence of one years probation and community service.

## <u>IMPOSITION OF SENTENCE</u>

       This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

       In determining the sentence to be imposed this court must consider the §3553(a) factors.  Those are:

### A.  The Nature and Circumstances of the Offense.

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mr. Bustos plead guilty Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(G). Mr. Bustos had strongly held beliefs after the Presidential election that there had been irregularities in the election that were not proper. He decided to come to D.C. to *peacefully* protest the results of the election and the lack of attention to alleged voting irregularities. He did so with no intent to do anything but add his voice to the vocal protests over the injustice he perceived had happened in the election. He was not armed, and he committed no violent actions in his peaceful protest.  Admittedly Mr. Bustos entered the Capitol, however, Mr. Bustos did not destroy anything.  Mr. Bustos's only desire was to participate in a democratic process that is protected under the 1st Amendment of our Constitution. Unfortunately, going into the Capitol was not part of that democratic process and he now stands before the court having pleaded guilty of parading and demonstrating in the Capitol.

**B.    History and Characteristics of the Defendant.**

Mr. Bustos is 27 years old and a resident of California.  Mr. Bustos has no criminal record and, in fact, has had no past contact with the criminal justice system.  He is employed as a busser at the Polanco Modern Mexican Steakhouse. He is single with no dependents.  Mr. Bustos admitted his involvement to the FBI at the time of his arrest and entered an early guilty plea.

**C.    The Need for the Sentence imposed –**

**1.    To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.**

*United States v. Alexis Bustos*
Case No. 1:22-cr-00016-002 CJN

Memorandum in Aid of Sentencing
Page No. 2

SENT MEMO RIOT 23/02/10 06:30:57

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The offense Mr. Bustos plead guilty to is a misdemeanor.  A period of probation will still reflect the seriousness of the offense, promote respect for the law and provide just punishment.  As the Supreme Court has noted probation involves a "substantial restriction of freedom."  *United States v. Gall,* 128 S.Ct. 586, 595 (2007).  "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin,* 583 US. 868, 874 (1987).

>       **2.      To afford Adequate Deterrence to Criminal Conduct, and**

>       **3.      To Protect the Public from Further Crimes of the Defendant.**

This is Mr. Bustos's first contact with the criminal justice system, and, based on his past record of zero contacts with the criminal justice system, his immediate acceptance of responsibility and his remorse for his conduct it is sure to be his last.  Even a sentence of probation will ensure that he has no further criminal conduct and will protect the public from further crimes by Mr. Bustos.

>       **4.      To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

*United States v. Alexis Bustos*
Case No. 1:22-cr-00016-002 CJN

Memorandum in Aid of Sentencing
Page No. 3

SENT MEMO RIOT 23/02/10 06:30:57

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

Mr. Bustos does not require educational or vocational training.  Nor does he require medical care or other correctional treatment.

**D.    The Kind of Sentences Available, and**

**E.    The Kinds of Sentence and the Sentencing Range Established**
       **By the Guidelines.**

As this is a Class C misdemeanor the Federal Sentencing Guidelines do not apply.  This court is free to impose any sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

**F.    The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.**

A sentence of probation would be consistent with other capitol riot defendants similarly situated.  *See, e.g., United States v. Valerie Ehrke*, 21--CR00097 (PLF), 36 months probation; *United States v. Danielle Doyle,* 21-CR-00324 TLM, 2 (two) months probation, $3,000.00 fine; *United States v. Eliel Rosa,* 21-CR-00068 TNM, 12 months probation, 100 hours community service; *United States v. Thomas Gallagher*, 21-CR-00041 CJN, 24 months probation, 60 hours community service.

*United States v. Alexis Bustos*
Case No. 1:22-cr-00016-002 CJN

Memorandum in Aid of Sentencing
Page No. 4

SENT MEMO RIOT 23/02/10 06:30:57

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) citing *Koon v. United States*, 518 U.S. 81, 113 (1996). The defendant's case is unique. He is a 27 year old first offender caught up in the madness that was January 6. As set out above a sentence that does not include incarceration or home detention will satisfy the 18 U.S.C. §3553(a) factors.

Dated:  February 10, 2023

Respectfully submitted,

_____
Joseph R. Conte, Bar #366827
Counsel for Alexis Bustos
Law Office of J.R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:       202.236.1147
E-mail:       dcgunlaw@gmail.com

*United States v. Alexis Bustos*
Case No. 1:22-cr-00016-002 CJN

Memorandum in Aid of Sentencing
Page No. 5

SENT MEMO RIOT 23/02/10 06:30:57

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com